UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**DERLON KARL CRAIN**          **DOCKET NO. 2:23-cv-01593**
**DOC # 91405**                       **SECTION P**

**VERSUS**                              **JUDGE JAMES D. CAIN, JR.**

**TONY MANCUSO, ET AL**          **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM ORDER

Before the court is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983, by plaintiff Derlon Karl Crain.  Crain is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at the Allen Correctional Center in Kinder, Louisiana.

Crain sought, and was granted, permission to proceed *in forma pauperis* ("IFP") in this action.  Rec. Docs. 5, 6.  However, the plaintiff has previously been denied permission to proceed IFP by this Court for having previously filed a multitude of frivolous complaints.  *See Crain v. Mancuso, et al,* No. 2:19-cv-1033 (W.D. La., August 28, 2019) and *Crain v. Mancuso, et al*, No. 2:23-cv-0008 (W.D. La., Feb. 22, 2023).  Indeed, the United States Fifth Circuit Court of Appeals, affirming this Court's denial of IFP status to plaintiff in Case No. 2:19-cv-1033, cautioned:

> Crain is reminded that he remains barred under § 1915(g) from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

*See Crain v. Mancuso, et al,* No. 2:19-cv-1033 (W.D. La., August 28, 2019) at Doc. 53 (October 15, 2021 Jdgt. of U.S. 5th Cir., Case No. 20-30777).

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor." 28 U.S.C. § 1915(a).  The discretion to allow a prisoner to proceed *in forma pauperis*, however, is subject to the limitation of § 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

An inmate who has had three prior "strikes," but nonetheless wishes to commence a new civil action *in forma pauperis*, must show that he was under imminent danger at the time of filing; the exception does not provide a basis to avoid application of the three-strikes rule based on allegations of past harm.  *Banos v. O'Guin*, 144 F.3d 883, 884-885 (5th Cir. 1998).  An inmate who claims the benefit of this exception must also show that the danger faced rises to the level of exposure to a "serious physical injury." 28 U.S.C. § 1915(g).  The imminent danger claimed by the inmate, moreover, must be real, and not merely speculative or hypothetical.  *Davis v. Stephens*, 589 Fed. Appx. 295, 2015 WL 110445 (5th Cir. 2015). The possibility of serious injury at some indefinite point in the future does not constitute the type of emergency envisioned in the exception for imminent danger. *See Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (holding that "the exception refers to a 'genuine emergency' where 'time is pressing.'").

In this matter, Crain has made no allegations of imminent danger.  As such, plaintiff's IFP status is hereby again revoked and his request denied, pursuant to the provisions of 28 U.S.C. § 1915.  Crain may continue to pursue his action in this court, but only if he pays the full filing fee. *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).

Accordingly;

IT IS ORDERED that Crain's IFP status is hereby **REVOKED** and **RESCINDED**.

IT IS FURTHER ORDERED that, in order for this complaint to remain viable, Crain must pay the full filing fee of four hundred two dollars ($402.00) within twenty (20) days of the date of this order. **FAILURE TO PAY THE FULL FILING FEE WILL RESULT IN THE PLEADINGS BEING STRICKEN FROM THE RECORD.** Crain is placed on notice, however, that the lawsuit will still be screened for frivolousness pursuant to 28 U.S.C. § 1915A, if he pays the filing fee.

IT IS FURTHER ORDERED that the pending Motion to Mandate Subpoena Duces Tecum (rec. doc. 11) and the pending Motion Request for Judicial Screening and Service of Process Under LSA-R.S. 15:1188(A)(B)(C) (rec. doc. 13) are each **DENIED** without prejudice to plaintiff refiling the motions should the filing fee be paid as ordered herein and the lawsuit continue following screening pursuant to 28 U.S.C. § 1915A.

**THUS DONE AND SIGNED** in chambers this 22nd day of May, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE